RECEIVED
JUL 23 2007
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHER MOHAMMAED BEY, : | Civil Action No. 07-0519 (GEB) |
| Plaintiff, : | |
| v. : | **O P I N I O N** |
| STATE OF NEW JERSEY, et al., : | |
| Defendants. : | |

**APPEARANCES:**

    ASHER MOHAMMAED BEY, Plaintiff *pro se*
    P.O. Box 22485
    Trenton, New Jersey 08650

**BROWN, JR.**, Chief Judge

    Plaintiff, Asher Mohammaed Bey, residing in Trenton, New Jersey, brings this action *in forma pauperis*, pursuant to 28 U.S.C. § 1915, seeking to remove his state criminal case to federal court. Having reviewed the submission, the Court construes Plaintiff's claims as seeking relief under 42 U.S.C. § 1983. The Court has reviewed Plaintiff's claims, as required under 28 U.S.C. § 1915(e)(2), and concludes that the action should be dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1] Plaintiff's request to proceed *in forma pauperis* was granted by Order of this Court on April 16, 2007, and his complaint was filed by the Clerk of the Court on April 24, 2007.

## BACKGROUND

The following factual allegations are taken from Plaintiff's submissions and are accepted as true for purposes of this review.

On April 1, 2006, Plaintiff was arrested and charged with eluding under New Jersey state law, after involving officers in a chase of his motor vehicle. Officers believed that Plaintiff's vehicle was involved in a reported armed robbery. Upon approaching Plaintiff's vehicle to investigate, Plaintiff sped off at a high rate of speed. Once his vehicle was stopped, Plaintiff was arrested for eluding, and was searched incident to the arrest. Plaintiff was in possession of $2888.00 in United States currency.[2]

Plaintiff was known to local and state authorities as a high-level cocaine distributor. After checking with the New Jersey Department of Labor, it was revealed that Plaintiff's last reported income was $925.00 for the second quarter of 2004. Plaintiff had one felony conviction for manufacture/distribution of a controlled dangerous substance.[3]

---

[2] These facts were taken from Plaintiff's attachments to his complaint, and are set forth in the Verified Complaint in State of New Jersey v. $3,378.00 in United States Currency, filed in the Superior Court of New Jersey, Special Civil Part, Mercer County.

[3] See id., footnote 2, supra, and New Jersey Criminal History Detailed Record attached to complaint.

The State alleged that the $2888.00 found on Plaintiff's person was intended to be utilized in furtherance of unlawful activity, and/or was the proceeds of illegal activity. The State moved for forfeiture of the money in May of 2006.[4] Plaintiff was indicted on the eluding offense on August 17, 2006.[5] On August 22, 2006, Plaintiff moved for a writ of habeas corpus in state court, asking for the return of the currency seized after his arrest.[6] There has been no judgment of conviction entered against him in state court at the time he submitted this action to the federal district court.

Plaintiff now asks that his case be removed to federal court because he "is an Official Citizen of the Abannaki Nation an Indigenous Nation of the North American Continent which is witnessed herein by the Abannaki Justice Council." (Notice of Removal, p. 2). He states that the search and seizure of his property was unlawful, due to the fact that the officers were in unmarked cars and were not in uniform.

Plaintiff asks that the "allegations of eluding officers be dismissed and the funds . . . be returned within one week from the decision of the District Court." (Notice of Removal, p. 7).

---

[4] See id., footnote 2, supra.

[5] See Indictment, attached to Plaintiff's complaint, dated August 17, 2006.

[6] See Writ of Habeas Corpus (incomplete), attached to Plaintiff's complaint.

3

## ANALYSIS

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Under 28 U.S.C. § 1915(e)(2)(B), an action may be dismissed by the Court if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. See 28 U.S.C. § 1915(e)(2)(B).

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court

4

need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

### B. Plaintiff Fails to State a Claim.

Here, Plaintiff seeks removal of his state case and dismissal of his criminal charges and return of forfeited currency, alleging that the search of his person and seizure of his property were illegal.

Title 28 of the United States Code, section 1441(a) states, in relevant part, "except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, a defendant may remove to federal court any case over which the federal court would have had original jurisdiction. See 28

U.S.C. § 1441(a); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).[7]

The essential facts establishing diversity jurisdiction or federal question jurisdiction must be alleged on the face of the pleading. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). Lack of subject matter jurisdiction may be raised by the district court sua sponte at any time. See Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908).

In this case, Plaintiff asserts that his federal right to be free from unlawful searches and seizures under the Fourth Amendment has been violated. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983. However, even construing Plaintiff's claims under § 1983, his complaint is subject to dismissal.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

---

[7] Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). "Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III." In re TMI Litigation Cases Consol. II, 940 F.2d 832, 861-62 (3d Cir. 1991)(Scirica, J., concurring)(citing Hodgson v. Bowerbank, 5 Cranch (9 U.S.) 303 (1809)).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Therefore, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

First, the Court notes that "mere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983)(quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)). District courts do not "sit as super state supreme courts for the purpose of determining whether [issues] were correct under state law." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).

Thus, to the extent that there is an ongoing, pending state criminal proceeding, Plaintiff must raise any constitutional challenges he has with respect to the state criminal charges in his state court criminal case. A federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)). Here, Plaintiff's criminal trial is apparently pending; thus, state proceedings implicating important state interests are ongoing and Plaintiff has the opportunity to raise his federal search and seizure claims in that proceeding. Accordingly, this Court is constrained by Younger to dismiss Plaintiff's application to

declare his constitutional rights violated, dismiss any charges, and return his property.

Second, if Plaintiff is eventually convicted of the alleged charges in his now-pending state criminal trial, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Third, property loss caused by the intentional acts of government officials does not give rise to a procedural due process claim under § 1983 where a post-deprivation remedy satisfying minimum procedural due process requirements is available under State law. See Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)); see also Zinermon v. Burch, 494 U.S. 113, 115 (1990); Hudson v. Palmer, 468 U.S. 517 (1984); Holman v. Hilton, 712 F.2d 854, 856 (3d Cir. 1983). The New Jersey Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1-1, et seq., provides a post-deprivation judicial remedy to persons who believe they were deprived of property at the hands of the State or local government. In this case, Plaintiff's recourse after his personal property was confiscated would be a common-law tort action against the defendant under the New Jersey Tort Claims Act, N.J. STAT. ANN. §§ 59:1-1, et seq. Plaintiff does not

indicate that he attempted to file a claim pursuant to the New Jersey Tort Claims Act.

Thus, Plaintiff's allegations as to the unlawful search and seizure are premature at this point, under Younger and Preiser. Plaintiff's request for return of his currency fails to state a claim upon which relief would be granted.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's application for removal, construed as a civil complaint under 42 U.S.C. § 1983, shall be dismissed, without prejudice, for failure to state a claim upon which relief may be granted. An appropriate order follows.

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: 7/20/07